2026 Tex. Bus. 54



THE BUSINESS COURT OF TEXAS
EIGHTH DIVISION

| | | |
|---|---|---|
| GAIL CORDER FISCHER, Individually and derivatively on behalf of CLIFFORD FISCHER & COMPANY LLC, successor- by-conversion of Clifford Fischer & Company, Inc., | § § § § § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Cause No. 26-BC08B-0009 |
| CLIFFORD R. FISCHER, CLIFFORD R. FISCHER & COMPANY, LLC, successor-by-conversion of Clifford Fischer & Company, Inc.; FISCHER SELLER, LP; MICHAEL NEWMAN; TED UZELAC; JEFF KERNOCHAN; CHRIS JOYNER; FISCHER PURCHASER HOLDINGS, LP; CRESA, LLC; CRESA HOLDINGS II, INC.; JAMES D. CARREKER; ANDREA WEISS; IVAN T. HOFMANN III; and ALEJANDRIA GAMINO, | § § § § § § § § § § § § § § § § § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART RECEIVER PARTIES' AMENDED RULE 91a MOTION TO DISMISS**

¶ 1.     Before the Court is an Amended Rule 91a Motion to Dismiss filed on June 22, 2026 by Defendants Michael Newman ("Newman"), Fischer Seller, LP ("Fischer Seller"), and Fischer Purchaser Holdings, LP ("Fischer Purchaser") (collectively, the "Receiver Parties").

¶ 2.     Having considered the Motion, Plaintiff Gail Corder Fischer's ("Plaintiff") Response, the Reply, the arguments of counsel heard on July 14, 2026, and applicable law,[1] the Court **GRANTS IN PART** and **DENIES IN PART** the Motion. Plaintiff's own allegations establish that Newman is protected by derived judicial immunity. Those same allegations, however, do not supply the facts necessary to extend that immunity to Fischer Seller or Fischer Purchaser at the pleading stage.

## BACKGROUND

¶ 3.     This case arises out of a post-divorce enforcement proceeding and contested company sale in Dallas County.

¶ 4.     In October 2019, the marriage of Plaintiff and Defendant Clifford R. Fischer ("Mr. Fischer") was dissolved by the 254th District Court of Dallas County,

---

[1] Plaintiff also filed a supplemental letter brief to the Court on July 21, 2026. Because Plaintiff did not seek leave to file any additional briefing, the Court declined to consider the letter in deciding the Motion. *See* July 23, 2026 Order Regarding Pl.'s Suppl. Letter Br.

Texas (the "District Court") by a final divorce decree.[2] Part of the community property to be split between the parties included Clifford R. Fischer & Company (the "Company") and its related entities (collectively, the "Companies").[3] The District Court ordered the Companies sold and directed that the interests and distributions be divided equally between Plaintiff and Mr. Fischer.[4]

¶ 5.    On April 11, 2024, the District Court appointed Newman as a receiver to facilitate the sale of the Companies and the parties' equity interests in them ("Receivership Order").[5]

¶ 6.    Plaintiff appealed the appointment to the Dallas Court of Appeals.[6] While the appeal was pending, she asked the District Court to stay the appointment, which the court denied.[7]

¶ 7.    With no stay in place, Newman proceeded to sell the Companies. He handled marketing, restructuring, negotiations, buyer selection, and drafting a letter of intent.[8] On October 21, 2025, Newman—"acting as the purported receiver"— along with Fischer Seller, Fischer Purchaser, and Defendants Cresa, LLC and Cresa Holdings II, Inc. executed an Equity Purchase Agreement.[9]

---

[2] Pl.'s Am. Pet. ¶ 5.2.
[3] *Id.* ¶ 5.3.
[4] *Id.* ¶¶ 5.3–5.4.
[5] *Id.* ¶ 5.5.
[6] *Id.* ¶ 5.6.
[7] *Id.* ¶ 5.7.
[8] *Id.* ¶ 5.11.
[9] *Id.* ¶ 5.12.

¶ 8.    Plaintiff alleges that the resulting transaction severely damaged her and the Company. She asserts that the sale materially undervalued the Company and her equity interest,[10] paid improper insider bonuses,[11] misallocated residual revenues to Mr. Fischer,[12] utilized rollover equity instead of cash consideration,[13] denied Plaintiff her 50% share of excluded revenue streams,[14] and disclosed the Company's trade secrets.[15]

¶ 9.    The sale closed while the appeal remained pending. On December 9, 2025, the court of appeals reversed and vacated the Receivership Order.[16] On January 15, 2026, the court issued a substituted opinion, again concluding that the Receivership Order impermissibly altered the divorce decree's property division and was therefore beyond the District Court's enforcement powers.[17]

¶ 10.    Following that reversal, Plaintiff initiated this action in a Denton County district court, and it was subsequently removed to the Business Court. She asserts claims against the Receiver Parties and eleven other defendants. Against the Receiver Parties specifically, she alleges claims for declaratory relief, breach of fiduciary duty and self-dealing (Newman only), unjust enrichment/constructive

---

[10] *Id.* ¶ 5.20.
[11] *Id.* ¶¶ 5.22–5.25.
[12] *Id.* ¶ 5.30.
[13] *Id.* ¶ 5.44.
[14] *Id.* ¶ 5.49.
[15] *Id.* ¶ 5.72.
[16] *Id.* ¶ 5.33.
[17] *Id.* ¶ 5.34.

trust, accounting, civil conspiracy (Newman only), disgorgement of sale proceeds, fraud (Newman only), equitable monetary relief/value substitution (Fischer Purchaser only), disgorgement of profits and unjust enrichment (Fischer Purchaser only), and misappropriation of trade secrets (Newman and Fischer Purchaser only).

¶ 11.   The Receiver Parties move to dismiss all claims against them based on derived judicial immunity. Alternatively, they also contend the petition fails to allege any specific, independent conduct by Fischer Seller or Fischer Purchaser.

**LEGAL STANDARD**

¶ 12.   Texas Rule of Civil Procedure Rule 91a allows dismissal of a cause of action that has no basis in law or fact.[18] "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought."[19] "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded."[20]

¶ 13.   Procedurally, a Rule 91a motion must identify each challenged cause of action and explain why it has no basis in law, fact, or both.[21] A court may not consider evidence in ruling on a 91a motion; it must decide the motion based "solely on the

---

[18] TEX. R. CIV. P. 91a.; *Reynolds v. Quantlab Trading Partners US, LP*, 608 S.W.3d 549, 555 (Tex. App.—Houston [14th Dist.] 2020, no pet.).
[19] TEX. R. CIV. P. 91a.1.
[20] *Id.*
[21] *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 606 (Tex. 2017) (citing TEX. R. CIV. P. 91a.2).

pleading of the cause of action, together with any pleading exhibits permitted by Rule 59."[22]

¶ 14.  A cause of action has no basis in law "if it is barred by an established legal rule and the plaintiff has failed to plead facts demonstrating that the rule does not apply."[23] Likewise, a petition that alleges too few facts to state a viable claim— or that merely recites legal elements without factual support—also fails to have a basis in law.[24] Put differently, "inadequate content may justify dismissal because it does not provide fair notice of a legally cognizable claim for relief."[25]

¶ 15. Although Texas follows a liberal notice-pleading standard, that standard still requires factual substance.[26] A petition cannot survive dismissal merely by "giv[ing] notice of the claim and the relief sought."[27] It must provide fair notice of the essential factual allegations supporting that claim—allegations that, if proven, could support a judgment.[28] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[29]

---

[22] TEX. R. CIV. P. 91a.6; *see also* TEX. R. CIV. P. 59 (permitting "[n]otes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on" to be attached to and made part of pleadings).

[23] *In re First Rsrv. Mgmt., L.P.*, 671 S.W.3d 653, 661 (Tex. 2023) (orig. proceeding).

[24] *Fiamma Statler, LP v. Challis*, 2020 WL 6334470, at *8, 12 (Tex. App.—Fort Worth Oct. 29, 2020, pet. denied) (mem. op.) (citing several courts of appeals adopting similar standard).

[25] *Id.*; *accord Longhorn Creek Ltd. v. Gardens of Connemara Ltd.*, 686 S.W.3d 418, 426 (Tex. App.—Dallas 2024, pet. filed).

[26] *See* TEX. R. CIV. P. 45(b) (requiring pleading to at least give "fair notice to the opponent").

[27] *In re First Rsrv.*, 671 S.W.3d at 661–62 (internal quotation marks omitted).

[28] *Id.* at 662.

[29] *Smart v. Prime Mortg. & Escrow, LLC*, 659 S.W.3d 155, 161 (Tex. App.—El Paso 2022, pet. denied); *see also Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 186 (Tex. App.—Houston [14th Dist.] 2015,

## ANALYSIS

### A.    The law on derived judicial immunity

¶ 16.    Judges enjoy absolute immunity from civil liability for acts performed in their official capacity.[30] This protection extends to court officers in the form of derived judicial immunity.[31] The doctrine exists not just to shield individuals, but to safeguard the public's interest in an independent judiciary whose officers can discharge their duties without constant fear of personal retaliation.[32]

¶ 17.    Texas courts apply a "functional approach" to determine whether derived judicial immunity applies.[33] This inquiry focuses on the nature of the function performed rather than the identity of the actor, asking whether the court officer was acting as an arm of the court performing a function comparable to that of the delegating judge.[34] Importantly, court-appointed receivers executing court orders generally satisfy this test.[35]

---

pet. denied) ("Zheng's pleading contains merely a 'threadbare recital' of the elements of a fraudulent inducement claim without any alleged facts. Accordingly, the trial court did not err by determining the claim has no basis in law or fact.").

[30] *Chambers v. Pruitt*, 241 S.W.3d 679, 688–89 (Tex. App.—Dallas 2007, no pet.); *see also James v. Underwood*, 438 S.W.3d 704, 709 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("Judges enjoy absolute judicial immunity from liability for judicial acts, no matter how erroneous the act or how evil the motive, unless the act is performed in the clear absence of all jurisdiction.").

[31] *Dall. Cnty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002).

[32] *Id.* (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 349 n.16 (1871)).

[33] *Halsey*, 87 S.W.3d at 555.

[34] *Id.*

[35] *See, e.g., Clarke ex rel. B.D.C. v. Wolf*, 717 S.W.3d 918, 924–27 (Tex. App.—Houston [14th Dist.] 2025, no pet.) (applying immunity to receiver sued for breach of fiduciary duty, constructive fraud, negligence and gross negligence, unjust enrichment, and professional malpractice); *1st & Trinity Super Majority, LLC v. Milligan*, 657 S.W.3d 349, 367–68 (Tex. App.—El Paso 2022, no pet.) (applying immunity to receiver sued for breach of fiduciary duty); *Wilkinson v. USAA Fed. Sav. Bank Tr. Servs.*, No. 14-13-00111-CV, 2014 WL 3002400, at

¶ 18.   Once derived judicial immunity attaches to a function, the protection is robust. Every action taken with respect to that protected function—"whether good or bad, honest or dishonest, well-intentioned or not"—is immune from suit.[36] Thus, allegations of poor performance, self-dealing, dishonesty, or even outright fraud will not defeat immunity if the underlying conduct occurred while performing the protected receivership function.[37]

¶ 19.   The doctrine does have some limits. Immunity does not cover conduct unrelated to the court-delegated function, actions taken in another capacity, or acts committed in the clear absence of jurisdiction.[38] But "jurisdiction" in the immunity context carries a specialized meaning.[39] Because a receiver's immunity derives from the court, the question is not whether a specific order or action was legally correct.[40] Rather, it is whether the appointing court possessed general subject-matter

---

*8-11 (Tex. App.—Houston [14th Dist.] July 1, 2014, pet. denied) (mem. op.) (applying immunity to receiver sued for defamation, fraud, breach of fiduciary duty, and DTPA violations).

[36] *Davis v. West*, 317 S.W.3d 301, 307 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

[37] *Milligan*, 657 S.W.3d at 368; *see also Sanders State Bank v. Hawkins*, 142 S.W. 84, 86 (Tex. App.—Texarkana 1911, no writ) ("In order to render a judicial or quasi judicial officer personally liable in a private action for damages resulting from his official conduct, it must appear that he transcended the limits of his power. As long as he remains within the scope of his legal authority, his motive is immaterial".).

[38] *See Alpert v. Gerstner*, 232 S.W.3d 117, 126–31 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (immunity did not extend to actions taken by receiver in separate role as beneficiary of trust); *James*, 438 S.W.3d at 712 (for judicial immunity purposes, the focus is on "whether the judge had the jurisdiction necessary to perform an act of that kind in the case").

[39] *James v. Underwood*, 438 S.W.3d 704, 712 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

[40] *Id.*

jurisdiction over proceedings of that kind.[41] If it did, even grave legal error does not mean the officer acted in the "complete absence of all jurisdiction."[42]

## B. Plaintiff's allegations establish Newman's derived judicial immunity.

¶ 20. Applying these standards to Plaintiff's live pleading, Newman is entitled to derived judicial immunity for all claims against him.

¶ 21. Plaintiff's petition explicitly ties Newman's conduct to his court-assigned role as a receiver:

- "Newman, acting as the purported receiver . . . executed a certain Equity Purchase Agreement . . . ."[43]

- "Despite the pending appeal and despite the intentional misrepresentations made during the Appellate Court oral argument, Newman, acting as the purported receiver, proceeded to conduct a sale of the Company and related entities pursuant to the Equity Purchase Agreement."[44]

- "Despite this actual knowledge . . . Newman, as the purported receiver, proceeded with the sale of the Company and related entities' stock."[45]

- "In connection with the sale transaction, Newman, acting as the purported receiver, approved and participated in agreements that purported to release or waive certain claims relating to the transaction and the receivership in favor of, among others, the Companies' directors, officers, and related parties as a condition precedent to [Plaintiff] obtaining the value of her equity interest."[46]

---

[41] *Id.*
[42] *Id.*
[43] Pl.'s Am. Pet. ¶ 5.12.
[44] *Id.* ¶ 5.14.
[45] *Id.* ¶ 5.28.
[46] *Id.* ¶ 5.54.

¶ 22. The same is true even when the petition leaves out the word "receiver." Every grievance Plaintiff identifies—structuring the sale, allocating consideration, approving bonuses, addressing revenue streams, sharing information with prospective buyers, negotiating releases—was undertaken as part of the court-ordered disposition of the assets.[47] Nowhere in the petition is it alleged that Newman engaged in an independent personal transaction or acted outside his receivership role.

¶ 23. In essence, Plaintiff alleges that Newman was a "bad apple" receiver. But derived judicial immunity covers bad acts too, including fraud and dishonesty.[48] The decision in *Wolf* is particularly instructive.[49] There, the court affirmed dismissal under Rule 91a despite allegations of fraud and self-dealing because the petition failed to allege that the receiver acted in any capacity other than as receiver.[50] The same is true here.

---

[47] *See id.* ¶¶ 5.11, 5.13, 5.17–18, 5.26, 5.32, 5.35, 5.61, 5.72.

[48] *B.K. v. Cox*, 116 S.W.3d 351, 357 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citing *Halsey*, 87 S.W.3d at 554–55) ("Generally, once an individual is cloaked with derived judicial immunity because of a particular function being performed for a court, every action taken with regard to that function—whether good or bad, honest or dishonest, well-intentioned or not—is immune from suit. Once applied to the function, the cloak of immunity covers all acts, both good and bad. The whole either is protected or it is not." (citations omitted)); *Milligan*, 657 S.W.3d at 367 ("It is also generally recognized that a court-appointed receiver is entitled to immunity from civil claims, including claims for breach of fiduciary duty, poor performance of duties, and wrongful, dishonest, or even fraudulent conduct in performance.").

[49] *Wolf*, 717 S.W.3d at 925–26.

[50] *Id.*

¶ 24. Plaintiff's reliance on *Alpert* is misplaced.[51] In *Alpert*, the appointee served in a dual capacity as both receiver and trustee of specific trust assets.[52] The court held that while the appointee was immune when acting as an arm of the court, she was not immune when acting as a trustee bound by direct statutory and fiduciary duties to beneficiaries.[53] *Alpert* thus reflects the functional test at work; it does not carve out a broad fiduciary-duty exception to receiver immunity.[54] Nor, in twenty years, has any court interpreted it that way. Because Plaintiff alleges no second, independent capacity here, *Alpert* does not apply.

## C. The subsequent vacatur of the Receivership Order does not retroactively defeat Newman's immunity.

¶ 25. Plaintiff's remaining argument rests on timing. She contends that because the Dallas Court of Appeals ultimately vacated the Receivership Order as unauthorized, Newman's appointment is void *ab initio*, stripping him of immunity for everything he did while the order was active.[55]

¶ 26. Precedent does not treat post-hoc appellate reversals that way.[56] *Morgan* provides direct guidance.[57] There, a trial court appointed a turnover receiver

---

[51] Pl.'s Resp. 5 (citing *Alpert*, 232 S.W.3d 117).
[52] *Alpert*, 232 S.W.3d at 130.
[53] *Id.* at 130–31.
[54] *Id.* at 131.
[55] Pl.'s Resp. 5–6.
[56] *See Raggio-2204 Jesse Owens, LLC v. Morgan*, No. 03-23-00245-CV, 2026 WL 784515, at *35 (Tex. App.—Austin Mar. 20, 2026, no pet.) (mem. op.).
[57] *Id.*

after its plenary power had expired. The receiver took possession of and sold real property before the turnover orders were held void and vacated on appeal. The plaintiff argued that the receiver acted in the clear absence of jurisdiction because the appointing court lacked subject-matter jurisdiction when it issued the order. The court of appeals disagreed, explaining that for immunity purposes, the test is not whether the trial court correctly exercised jurisdiction to enter that specific order, but whether turnover orders are the kind of orders the court ordinarily has jurisdiction to issue.[58] Because they were, immunity applied.

¶ 27. The case for immunity is even stronger here. In *Morgan*, the appointing court's plenary power had already lapsed before the appointment. Here, no one disputes that the District Court had subject-matter jurisdiction over the post-divorce enforcement proceeding when it appointed Newman. The court of appeals vacated the Receivership Order because it exceeded the District Court's authority under Section 9.007 of the Family Code—not because the District Court lacked subject-matter jurisdiction over post-divorce enforcement proceedings generally. Nor is there any doubt that appointing a receiver to sell property is a function squarely within a district court's subject matter jurisdiction.[59]

---

[58] *Id.*

[59] TEX. CIV. PRAC. & REM. CODE § 64.001 (providing that courts of competent jurisdiction may appoint receivers); *see also id.* § 64.031 (listing powers and duties of receiver "[s]ubject to the control of the court").

¶ 28. To be clear, nothing in this Opinion touches upon or resolves any issue now before the District Court on remand. The Court expresses no view on the legal consequences of the appellate vacatur, the validity of the completed sale, or the disposition of assets or proceeds. It decides only the narrower question presented by this Motion: whether a court-appointed receiver can be held personally liable for executing a court-ordered sale under an order that was later set aside on appeal. Under Texas law, the answer is no.

¶ 29. All claims against Newman are **DISMISSED WITH PREJUDICE**.

**D.    Fischer Seller and Fischer Purchaser are not entitled to Rule 91a dismissal.**

¶ 30. The analysis yields a different result for Fischer Seller and Fischer Purchaser—not because their ultimate claim to immunity is necessarily weaker, but because Rule 91a strictly limits the Court's review.

¶ 31. When a defendant moves for a Rule 91a dismissal based on an affirmative defense, the court's factual inquiry is restricted to the plaintiff's pleading.[60] A court may consult a defendant's pleading only to confirm that the affirmative defense is properly before the court.[61] But an affirmative defense cannot

---

[60] *Davis v. Homeowners of Am. Ins. Co.*, 700 S.W.3d 837, 845–46 (Tex. App.—Dallas 2023, no pet.); *see also City of Hou. v. Boodoosingh*, 693 S.W.3d 894, 897–98 (Tex. App.—Houston [14th Dist.] 2024, no pet.) ("While a Rule 91a motion to dismiss may be based on the assertion of an affirmative defense, such motion may only be granted if the plaintiff's pleadings conclusively establish the affirmative defense.").
[61] *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020).

support a Rule 91a dismissal unless the petition's own factual allegations conclusively establish every element of the defense.[62]

¶ 32. As pleaded, Plaintiff's Amended Petition does not supply the facts needed to conclusively establish that immunity applies to Fischer Seller and Fischer Purchaser. Unlike her allegations related to Newman, Plaintiff does not allege that either entity was appointed as a receiver or served as an extension of the receiver.[63] While she alleges that both entities engaged in misconduct,[64] her petition is silent as to how or why the entities were formed, who formed them, or what official connection they had to the receivership outside of participating in the transaction.

¶ 33. The Receiver Parties' Motion attempts to supply those missing facts. It asserts that Newman created both entities solely to structure and carry out the court-ordered sale, that Newman served as their general partner solely in his capacity as receiver, that he held no economic interest in either entity, and that neither entity acted independently.[65] If established on an evidentiary record, those facts might well entitle the entities to share in Newman's immunity, but under Rule 91a, the Court cannot rely on unpleaded facts introduced in the motion.[66]

---

[62] *Id.*; *see also id.* at 655–56 (explaining that Rule 91a only limits a court's factual inquiry, not the "universe of legal theories by which the movant may show that the claimant is not entitled to relief based on the facts as alleged," which allows for consideration of the motion itself, arguments of counsel at the hearing, and, in some cases, defendant's pleadings).

[63] *See* Pl.'s Am. Pet. ¶ 5.5.

[64] *Id.* ¶¶ 5.12, 5.35–5.38, 5.42–5.43, 5.12, 5.26–5.28, 5.35, 5.72.

[65] Defs.' Mot. 3 n.2.

[66] *See Bethel*, 595 S.W.3d at 656 (a court's factual inquiry under Rule 91a is limited to plaintiff's pleadings).

¶ 34. The same limitation prevents the Court from considering evidence at this juncture.[67] This means the Court cannot consider the actual Receivership Order to determine whether the District Court authorized Newman to create special-purpose entities to facilitate the sale.

¶ 35. Confined to the petition's allegations, the Court cannot conclusively determine at this juncture that Fischer Seller or Fischer Purchaser functioned as an arm of the court or as mere instrumentalities of an immune receiver. Their request for dismissal based on derived judicial immunity is therefore **DENIED** without prejudice to re-raising the defense on an evidentiary record.[68]

### E. The Receiver Entities' alternative pleading challenge does not support dismissal.

¶ 36. The Receiver Parties separately argue that the claims against Fischer Seller and Fischer Purchaser fail because the petition lacks allegations of specific, independent acts by either entity.

¶ 37. This alternative argument is too thin a reed to support dismissal under Rule 91a. The rule requires a movant to specifically identify each challenged cause of action and to explain why it lacks a basis in law or fact. The Motion raises this

---

[67] TEX. R. CIV. P. 91a.6; *see also* TEX. R. CIV. P. 59 (allowing consideration of certain pleading exhibits).
[68] *See Davis*, 700 S.W.3d at 847–48 (explaining that "[R]ule 91a is not a substitute for summary judgment practice under [R]ule 166a").

argument only in passing, without analyzing the elements of any specific cause of action or identifying which required factual allegations are missing.

¶ 38. Furthermore, the contention that the entities committed no acts independent of Newman relies on the same extrinsic facts as their immunity argument. The petition identifies both entities as parties to the transaction and alleges that one or both participated in the sale, received or held transaction benefits, and conspired with other defendants. Whether Plaintiff can prove those allegations is a matter for summary judgment or trial, not a Rule 91a motion.

¶ 39. The Motion is therefore **DENIED** as to all claims against Fischer Seller and Fischer Purchaser.

## F.    Attorney's fees and costs.

¶ 40. Rule 91a.7 permits the Court to award the prevailing party reasonable and necessary attorney's fees and costs incurred with respect to the challenged causes of action. Newman prevailed on his motion as to every claim asserted against him. The Court exercises its discretion to award him the reasonable and necessary fees and costs attributable to his successful challenge.

¶ 41. Within twenty (20) days of this Order, Newman may submit a fee application and evidence. Any request must segregate fees incurred on Newman's successful challenge from those incurred solely on behalf of Fischer Seller and Fischer Purchaser, unless Newman demonstrates that the legal services were so

intertwined that segregation is not required. Plaintiff may file a response within ten (10) days after Newman's submission.

¶ 42. All other requests for attorneys' fees and costs are **DENIED**.

### ORDER

¶ 43. For the reasons above, the Receiver Parties' Motion is **GRANTED IN PART** and **DENIED IN PART**.

¶ 44. All claims asserted against Defendant Michael Newman are **DISMISSED WITH PREJUDICE**.

¶ 45. Newman's request for an award of reasonable and necessary attorneys' fees and costs is **GRANTED**. Within twenty (20) days of this Order, Newman shall submit proof of his fees and costs in accordance with paragraph 43 above.

¶ 46. All other requested relief is **DENIED**.

IT IS SO ORDERED.

BRIAN STAGNER
Judge of the Texas Business Court,
Eighth Division

SIGNED: July 29, 2026